## J. C. WILLIAMS v. M. B. BUSHNELL AND ANOTHER.[1]

January 4, 1924.

No. 23,717.

**Questions of fact on conflicting evidence not decided by supreme court.**
1. This court will not determine questions of fact concerning which the evidence is conflicting.

**No recovery for voluntary payment of sheriff's fees.**
2. Plaintiff voluntarily paid the sheriff's fees in controversy and is not entitled to recover them from defendant.

Action in the district court for Hennepin county. The case was tried before Montgomery, J., who made findings and ordered judgment for the enforcement of the contract. From an order denying his motion for amended findings or conclusions or for a new trial, plaintiff appealed. Affirmed.

*P. W. Guilford*, for appellant.
*O'Brien, Horn & Stringer*, for respondents.

[1]Reported in 196 N. W. 491.

TAYLOR, C.

This is an action by the vendee to enforce specific performance of a contract for the purchase of a house and part of a lot in the city of Minneapolis, and to recover damages for breaches of the contract and misrepresentations concerning the property alleged to have been made by the vendor. The court decreed specific performance of the contract. The damages claimed consisted of several separate items. The court allowed one of these items and disallowed all others. Plaintiff moved for amended findings or for a new trial and appealed from the order denying his motion.

The only question presented is whether plaintiff proved a right to recover upon the claims which were disallowed. With the possible exception of one item, these claims rest wholly upon disputed matters of fact concerning which the evidence is conflicting. This court does not determine disputed questions of fact. The item mentioned is a claim of $82.80 for fees paid to the sheriff. The purchase price for the property was $2,000. Plaintiff paid $150 at the making of the contract and agreed to pay $25 in addition to the interest "on the first day of each and every month thereafter until said principal, together with interest is fully paid."

The contract also gave plaintiff the privilege of making "larger payments on the 1st day of any month than called for by this contract." The contract was made July 8, 1914. Plaintiff had rented the premises on the first of May at $22.50 per month with an option to purchase, and had paid $45 as rent for the months of May and June. The contract as found by the court provided: "The rent for May and June to be applied in payment of principal sum after same is reduced to $1,200."

Defendant denied any such agreement. It rests on a reference to the option which plaintiff had inserted in his copy of the contract, but which had not been inserted in defendant's copy, and which defendant claims was inserted in plaintiff's copy without his knowledge or consent.

When the unpaid purchase price was reduced to the sum of $1,200, plaintiff refused to make the next monthly payment claiming that the allowance for rent should be applied in satisfaction of that pay-

ment. Defendant served the statutory notice to terminate the contract for failure to make the payment. Thereupon plaintiff paid this instalment together with the fees of the sheriff for serving the notice. The same procedure was repeated the next month and each succeeding month for more than three years and until plaintiff had paid the sum of $82.80 in sheriff's fees.

Defendant insists that the contract, by its express terms, required plaintiff to make the stipulated payment each month, that the allowance for rent could be applied only in reduction of the principal, and that plaintiff did not have the right to apply it upon the monthly payments. This may have been the view taken by the trial court and the provisions above quoted indicate that this construction might properly be given to the contract. Defendant further insists that the fees paid to the sheriff fall within the rule that payments voluntarily made cannot be recovered back. This contention is well founded and must be sustained. For a period of more than three years plaintiff saw fit to refuse to pay any instalment until the statutory notice for terminating the contract had been served. He then paid the instalment together with the sheriff's fee for serving the notice. Having voluntarily elected to follow this course, he cannot now collect from defendant the fees paid to the sheriff.

The order is affirmed.